**Not for Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEX PRINCE, | |
| Plaintiff, | Civil Action No. 16-4748 (ES) |
| v. | OPINION |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**SALAS, DISTRICT JUDGE**

Before the Court is an appeal filed by Alex Prince ("Plaintiff") seeking review of Administrative Law Judge Laureen Penn's ("ALJ" or "ALJ Penn") decision denying Plaintiff's application for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act"). The Court has subject matter jurisdiction under 42 U.S.C. § 405(g). Having considered the submissions in support of and in opposition to Plaintiff's appeal, as well as the administrative record, the Court decides the matter without oral argument. *See* Fed. R. Civ. P. 78(b). For the reasons set forth below, the Court VACATES ALJ Penn's decision and REMANDS the case for further proceedings consistent with this Opinion.

## I. Background

On September 11, 2012, Plaintiff filed an application for DIB, alleging disability beginning October 3, 2011. (D.E. No. 5, Administrative Record ("Tr.") at 10). The claim was initially denied on March 23, 2013 and denied upon reconsideration on June 22, 2013. (*Id.*). Plaintiff subsequently filed a written request for a hearing in front of an Administrative Law Judge on August 22, 2013.

(*Id.*). Plaintiff's request was granted, and Plaintiff appeared and testified at a hearing held on November 4, 2014 in Newark, NJ. (*Id.*).

At the hearing, Plaintiff reiterated his claims of a disability due to blood clots, diabetes, high blood pressure, leg pains, shortness of breath, and varicose veins. (*Id.* at 40, 47). Plaintiff also complained of (among other things) light dizziness and numbness in his feet and legs. (*Id.* at 42). Plaintiff further testified of an inability to sit, stand, or walk for extended periods of time. (*Id.* at 48).

On December 22, 2014, ALJ Penn denied Plaintiff's application, finding Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (*Id.* at 12). ALJ Penn found that the "objective evidence does not establish that the claimant would be precluded from all work activity," even though "the claimant is unable to perform past relevant work." (*Id.* at 18). As a result, the ALJ concluded that, "considering the claimant's age, education, work experience, and residual function capacity, the claimant is capable of making successful adjustment to other work." (*Id.* at 19). Therefore, ALJ Penn determined Plaintiff to be not disabled. (*Id.*). Plaintiff's request for review of the Administrative Law Judge's decision was denied on June 6, 2016. (*Id.* at 1).

On August 5, 2016, Plaintiff appealed the Commissioner's decision by filing a Complaint with this Court. (D.E. No. 1). The Court received the administrative record on December 17, 2016. (D.E. No. 5). The parties briefed the issues raised by Plaintiff's appeal. (*See* D.E. No. 11 ("Pl. Mov. Br."); D.E. No. 12 ("Def. Opp. Br.")). The matter is now ripe for resolution.

## II. Legal Standard

### A. Standard for Awarding Benefits

To be eligible for DIB under Title II of the Act, a claimant must establish that he or she is disabled as defined by the Act. *See* 42 U.S.C. § 423 (Title II). A claimant seeking DIB must also satisfy the insured status requirements set forth in Section 423(c). Disability is defined as the inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). The individual's physical or mental impairment(s) must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Act has established a five-step sequential evaluation process to determine whether a plaintiff is disabled. 20 C.F.R. § 404.1520(a)(4). If at any point in the sequence the Commissioner finds that the individual is or is not disabled, the appropriate determination is made and the inquiry ends. *Id.* The burden rests on the claimant to prove steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).[1] At step five, the burden shifts to the Commissioner. *Id.*

***Step One.*** At step one, the claimant must demonstrate that he is not engaging in any substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). Substantial gainful activity is defined as significant physical or mental activities that are usually done for pay or profit. 20 C.F.R. §§ 416.972(a), (b). If an individual engages in substantial gainful activity, he is not disabled under the regulation, regardless of the severity of his impairment or other factors such as age, education,

---

[1] Unless otherwise indicated, all internal citations and quotation marks are omitted, and all emphasis is added.

and work experience. 20 C.F.R. § 404.1520(b). If the claimant demonstrates he is not engaging in substantial gainful activity, the analysis proceeds to the second step.

*Step Two.* At step two, the claimant must demonstrate that his medically determinable impairment or the combination of impairments is "severe." 20 C.F.R. § 404.1520(a)(4)(ii). A "severe" impairment significantly limits a plaintiff's physical or mental ability to perform basic work activities. 20 C.F.R. § 404.1520(c). Slight abnormalities or minimal effects on an individual's ability to work do not satisfy this threshold. *See Leonardo v. Comm'r of Soc. Sec.*, No. 10-1498, 2010 WL 4747173, at *4 (D.N.J. Nov. 16, 2010).

*Step Three.* At step three, the ALJ must assess the medical evidence and determine whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in the Social Security Regulations' "Listings of Impairments" in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. § 404.1520(a)(4)(iii). Upon a finding that the claimant meets or medically equals a listing, the claimant is presumed to be disabled and is automatically entitled to benefits. 20 C.F.R. § 416.920(d).

When evaluating medical evidence in step three, an ALJ must give controlling weight to, and adopt the medical opinion of, a treating physician if it "is well-supported . . . and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Not inconsistent does not mean that the opinion must "be supported directly by all of the other evidence [i.e., it does not have to be consistent with all the other evidence] as long as there is no other substantial evidence that contradicts or conflicts with the opinion." *Williams v. Barnhart*, 211 F. App'x 101, 103 (3d Cir. 2006). Even where the treating physician's opinion is not required to be given controlling weight, the opinion is not necessarily rejected and may still be entitled to deference "depending upon the extent to which supporting explanations are provided."

*Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). If there is conflicting medical evidence, "the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason." *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000). "In choosing to reject the treating physician's assessment, an ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion." *Id.*

*Step Four.* If a claimant is not found to be disabled at step three, the analysis continues to step four, in which the ALJ determines whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). If the claimant lacks the RFC to perform any work he has done in the past, the analysis proceeds.

*Step Five.* In the final step, the burden shifts to the Commissioner to show that there is a significant amount of other work in the national economy that the claimant can perform based on his RFC and vocational factors. 20 C.F.R. § 404.1520(a)(4)(v).

### B. Standard of Review

The Court must affirm the Commissioner's decision if it is "supported by substantial evidence." 42 U.S.C. § 405(g); *Stunkard v. Sec'y of Health & Human Servs.*, 841 F.2d 57, 59 (3d Cir. 1988). "Substantial evidence does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). Although substantial evidence requires "more than a mere scintilla, it need not rise to the level of a preponderance." *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004). While failure to meet the substantial evidence standard normally warrants remand,

such error is harmless where it "would have had no effect on the ALJ's decision." *Perkins v. Barnhart*, 79 F. App'x 512, 515 (3d Cir. 2003).

The Court is bound by the ALJ's findings that are supported by substantial evidence "even if [it] would have decided the factual inquiry differently." *Hartranft*, 181 F.3d at 360. Thus, the Court is limited in its review because it cannot "weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992).

Regarding the ALJ's assessment of the record, the Third Circuit has stated, "[a]lthough the ALJ may weigh the credibility of the evidence, he must give some indication of the evidence which he rejects and his reason(s) for discounting such evidence." *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 121 (3d Cir. 2000). The Third Circuit noted, however, that "*Burnett* does not require the ALJ to use particular language or adhere to a particular format in conducting his analysis. Rather, the function of *Burnett* is to ensure that there is sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004).

### III. ALJ Penn's Decision

At step one, ALJ Penn determined that Plaintiff "has not engaged in substantial gainful activity since October 3, 2011, the alleged onset date." (Tr. at 12).

At step two, ALJ Penn determined that Plaintiff suffered from multiple severe impairments: deep vein thrombosis; blood clots; diabetes mellitus; hypertension peripheral neuropathy; asthma; arthritis; obesity; and atypical chest paint. (*Id.*). These impairments, "when considered either individually or in unison, more than minimally effect[] the claimant's mental and physical abilities to do one or more basic work activities." (*Id.*). Additionally, the ALJ found the record to support a "finding that the [Plaintiff's] impairments have lasted at a 'severe' level for a continuous period

of 12 months or more." (*Id.*). However, the ALJ determined that Plaintiff's impairment of carpal tunnel syndrome is nonsevere. (*Id.*).

At step three, ALJ Penn found that Plaintiff did not have an "impairment or combination of impairments that m[et] or medically equal[ed] the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." (*Id.*). The ALJ pointed out that there were no findings by any treating or examining physician "equivalent in severity to the criteria of any listed impairment, nor does the evidence show signs or finding that are the same or equivalent to those of any listed impairments." (*Id.* at 13). ALJ Penn gave "particular scrutiny" to the Plaintiff in light of listings sections 3.03 (asthma), 11.14 (peripheral neuropathies), and 14.09 (inflammatory arthritis). (*Id.*). The ALJ "fully considered obesity in the context of the overall record evidence in making this decision" pursuant to the extensive and detailed guidelines set forth in SSR 02-1p. (*Id.*).

At step four, the ALJ determined that Plaintiff had the residual functional capacity to perform light work. (*Id.*). Plaintiff was deemed capable of performing work requiring lifting and/or carrying "20 pounds occasionally and 10 pounds frequently, standing for 2 hours a day, walking for 2 hours a day, sitting for 6 hours a day," and "occasionally climbing ramps, stairs, balance and stoop." (*Id.*). Plaintiff was limited to only "occasional exposure to dust, odors, fumes and pulmonary irritants." (*Id.*). Plaintiff "can never kneel, crouch, crawl or climb ladder, ropes or scaffolds" and would need to "avoid unprotected heights." (*Id.*).

At step five, the ALJ concluded that, based on Plaintiff's RFC and the testimony of the vocational expert, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, including mailroom clerk, ticket taker, and ticket seller. (*Id.* at 19).

Accordingly, ALJ Penn found that Plaintiff was not disabled, as defined in the Act, and Plaintiff was therefore ineligible for disability benefits. (*Id.* at 20).

IV. **Discussion**

On appeal, "Plaintiff argues that the substantial evidence in the administrative record establishes entitlement and eligibility for and to the benefits . . . ." (Pl. Mov. Br. at 9). Plaintiff appeals ALJ Penn's determinations on steps three, four, and five. (*Id.* at 15-30). In particular, Plaintiff contends (among other things) that (i) the ALJ failed to consider Plaintiff's impairments in combination as required by step three (*id.* at 15-18); (ii) the ALJ failed to discuss obesity in terms of presumptive disability under medical equivalence and never combined obesity with plaintiff's other impairments (*id.* at 18-23); and (iii) the ALJ's RFC determination was not based on substantial evidence (*id.* at 23-27). Plaintiff asks the Court to reverse the Commissioner's final administrative decision and order the payment of benefits. (*Id.* at 9). Alternatively, Plaintiff asks the Court to remand this case to the Commissioner for a new hearing and a new decision. (*Id.*).

**A. The ALJ failed to consider Plaintiff's impairments in combination.**

Plaintiff argues that in step three of her evaluation, ALJ Penn does not "attempt to combine all nine of [P]laintiff's impairments, compare that combination to one or more of the Commissioner's listings or to mention, much less discuss, the issue of medical equivalence." (*Id.* at 10).

Plaintiff argues that "a valid argument can be made that the combination of [P]laintiff's impairments [are] the medical equivalent of the Commissioner's listing and thus presumptively disabling." (*Id.*). Plaintiff points out that the ALJ "claims to have devoted particular scrutiny to listings 3.03, 11.14 and 14.09 without ever mentioning the elements of these listing or the reasons that the medical evidence doesn't satisfy any one of them." (*Id.* at 21) (citations omitted).

Additionally, Plaintiff argues that "the decision doesn't even claim to have considered the impairments in combination or have factored obesity into the question." (*Id.* at 22).

Defendant responds that "the ALJ stated that she considered Plaintiff's impairments and noted that they did not, singly or in combination, meet or medically equal the regulatory requirements of any listing." (Def. Opp. Br. at 8). Defendant further argues that the ALJ "fully considered obesity in the context of the overall record . . . ." (*Id.* at 9). Defendant also notes that Plaintiff "has the burden of proving a presumptively disabling impairment under the Listing" (*id.* at 7), and Plaintiff "did [not] identify which listed impairments his combined impairments allegedly satisfied . . . ." (*id.* at 9).

At step three, the ALJ must consider the medical severity of the claimant's impairment(s) and whether the impairment(s) "meets or equals one of [the] listings in Appendix 1" of 20 C.F.R. Part 404, Subpart P. *See* 20 C.F.R. § 404.1520(a)(4)(iii). Although a plaintiff bears the burden of proving that his impairments meet those listed in Appendix 1, if a claimant's impairments do not meet the requirements of any listing, the ALJ is required to determine whether the combination of impairments is medically equal to any listed impairment. *Torres v. Comm'r of Soc. Sec.*, 279 F. App'x 149, 151-52 (3d Cir. 2008) (citing *Burnett*, 220 F.3d at 120 n.2; 20 C.F.R. § 404.1526(b)). Further, the ALJ must set forth the reasons for his decision. *Burnett,* 220 F.3d at 119. Conclusory statements have been found to be "beyond meaningful judicial review." *Id.*

Here, the ALJ states—without discussion or analysis—that the "claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments." (Tr. at 22). The analysis is conclusory and inadequate. The ALJ must set forth the reasons for his decision. *Burnett,* 220 F.3d at 119.

As Plaintiff points out, "the third step of the sequential evaluation . . . calls for the ALJ to compare the combined effect of all of [P]laintiff's impairments with one or more of the Commissioner's listings." (Pl. Mov. Br. at 15). Conclusory statements, like the one in this case, are "beyond meaningful judicial review." *Burnett,* 220 F.3d at 119 (stating that an ALJ's "conclusory" one-sentence step three analysis was "beyond meaningful judicial review"). The ALJ neither explains why Plaintiff's impairments do or do not meet the Appendix 1 listings individually, nor does she provide any analysis or explanation as to why Plaintiff's impairments—in combination—do not meet or equal an Appendix 1 listing. As in *Torres*, the ALJ here failed to conduct the proper analysis at step three by not considering Plaintiff's impairments in combination. *See* 279 F. App'x at 151-52.

Defendant argues that "[t]he [Plaintiff] has the burden of proving a presumptively disabling impairment under the Listings by presenting medical findings that either meet all of the criteria of a listed impairment, or are medically equal in severity to all of the criteria for the one most similar listed impairment." (Def. Opp. Br. at 7). Defendant is correct—a bare argument that the ALJ did not adequately compare Plaintiff's limitations to a listing (without support or analysis) is not enough. *See Milano v. Comm'r of Soc. Sec.*, 152 F. App'x 166, 169 (3d Cir. 2005) ("Milano has not attempted to show that her impairments meet or equal any specific Listing, and merely concludes that she has 'severe medical conditions' that 'might' do so. That is simply not enough."). But Plaintiff here met his burden. (*See* Pl. Mov. Br. at 21-22). He explains, for example, that Plaintiff's weight and BMI and the fact that the "weight is to be carried by two legs which suffer diabetic peripheral neuropathy, deep vein thrombosis and blood clots" creates "a medical equivalence with paragraph 11.14 for Peripheral Neuropathies." (*Id.*). Because "[P]laintiff's lack of feeling (sensory disturbance) on account of peripheral nerve dysfunction

(diabetic neuropathy) along with bilateral swelling of the legs due to thrombosis, blood clots, hypertension and morbid obesity create a persistent disorganization of motor function in both lower extremities as is required in paragraph 11.00C." (*Id.*).

Accordingly, the Court remands this case so the ALJ can complete the step-three analysis. In doing so, the ALJ should address the combined effects of Plaintiff's individual impairments and detail whether the combination of all of Plaintiff's impairments is equivalent in severity to a listed impairment. Pending the outcome of the combination analysis at step three, the ALJ should reconsider the determinations at steps four and five.

## V.     Conclusion

For the foregoing reasons, the Court hereby VACATES ALJ Penn's decision and REMANDS the case for further proceedings consistent with this Opinion. An appropriate Order accompanies this Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**